IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | Case No. 6:11-cv-6321-HO |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MARK T. ELLIS ) | |
| ) | |
| Defendant. ) | |

INTRODUCTION

Plaintiff United States of America, seeks entry of default or in the alternative, summary judgment, against defendant Mark Ellis. [#1] Specifically, plaintiff seeks an order nullifying and enjoining false lien filings; expunging and removing them from the public record; allowing the USA to file the court's order with the Secretary of State of the State of California, the Washington D.C. Recorder of Deeds and any other jurisdiction in

1 - ORDER

which such documents have been filed by defendant and permanently enjoining defendant or others associated with defendant from filing any document purporting to create a non-consensual lien against the property of any federal officer or employee or which contains any personal information (such as the social security number or residential address), of any federal officer or employee. *Id.*

Defendant has thus far responded by: filing three documents, two letters claiming to "voluntarily withdraw [three of the] UCC Financing Statements because of grammatical error" [#5; #7] and an indecipherable document entitled "Counterclaim" [#6] and contributing unintelligible portions to the Joint Status Report. [#8]. Plaintiff argues that these responses demonstrate that although defendant has appeared in this action he has neither pleaded nor otherwise defended within the meaning of Fed.R.Civ.P. 55 and thus entry of default is appropriate. [#10]

## BACKGROUND

In March, April and June of 2010, defendant filed numerous UCC Financing Statements with the Secretary of State of the State of California in which he falsely described IRS revenue officer Ron Robinson, the Internal Revenue Service (IRS) and the Secretary of the US Treasury as debtors. [#10-Exs. 1-3; #12]. The UCC Statements purported to encumber the real and personal property and other assets of the named persons in a lien amount

2 - ORDER

exceeding $1 billion.  *Id.*

In July, 2010 defendant filed a UCC Financing Statement with the Washington D.C. Recorder of Deeds which described defendant as the debtor whose address was that of the U.S. Department of the Treasury.  [#10-Ex.4].  Subsequently in January, 2011, defendant filed another UCC Financing Statement with the Washington D.C. Recorder of Deeds which falsely named IRS Special Agent Jonathon Dittman and the IRS as debtors.  [#10-Ex.5].

At all times relevant to this action, the named persons were officers or employees of the IRS and all have had no contact or relationship with defendant outside the scope of their official capacity with the IRS.  [#10; #11; #12].  Similarly none have ever engaged in any contract or transaction with defendant and none owe defendant any money or have consented to defendant filing UCC Financing Statements.  *Id.*

On November 30, 2011, and again on January 13, 2012, in letters "To Whom It May Concern" filed with this court, defendant voluntarily withdrew several filings "because of grammar error[s]."  [#5; #7].  However there is no indication that the letters were sent to the entities with which the UCC statements were filed.  Defendant's filings have caused the named persons concern because of possible negative impact on their credit rating.  *Id.*

3 - ORDER

## DISCUSSION

This court has jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402(a). Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed.R.Civ.P. 55(a). While default judgments are generally disfavored, district courts do have the discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986).

In exercising that discretion, the court may consider the following factors:(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Id.*

Where a default is entered, the well-pleaded factual allegations of the complaint are generally taken as true. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002)., 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002).

Upon review of the factors set forth above, I find that plaintiff's request for entry of default appropriate. Defendant

4 - ORDER

has plainly been adequately served, has failed to plead or defend as required by Rule 55 and plaintiff has established the merits of its claims against defendant.

The Internal Revenue Code grants district courts jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. §7402(a); see Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir.1985).

It is well established in this Circuit that section 7402(a) "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." Ryan, 764 F.2d at 1327; see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986); see also United States v. Van Dyke, 568 F.SUPP. 820 (D.Or.1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendant gives no explanation of how the purported liens arose however, based upon the well-pleaded allegations of the complaint, it is uncontroverted that defendant's purported lien against the named persons has no basis in law or fact. The named persons are not personally acquainted with defendant and have had no contact or relationship with him outside the scope of their employment or official duties. [#1; #10; #11; #12]. They have

5 - ORDER

not engaged in any contract or personal transaction with defendant, nor do they owe him money. *Id.*

The UCC Financing Statements filed by defendant against the named persons are not based on any legitimate debt and appear filed simply to harass them. The liens are non-consensual, non-judicial and null and void. *Ryan,* 764 F.2d at 1327. Section 7204(a) has been interpreted by this district to confer on courts the power to enjoin persons from filing such harassing liens in the future. *Van Dyke,* 568 F.Supp. at 822.

False liens potentially cloud title to property owned by IRS employees and officers, damage the employee and officer's credits ratings and threaten substantial interference with the administration and enforcement of the Internal Revenue laws. *Van Dyke,* 568 F.Supp. at 822. I therefore find that irreparable harm has been imposed upon the employees and officers of the federal government with whom defendant has quarrel.

Conversely, because his UCC Financing Statements have no factual or legal basis and thus, are of no legal effect, defendant will not be injured by an injunction which enjoins him from filing similar non-consensual liens or encumbrances in the future. See *U.S. v. Prusa,* 2006 WL 2521641 (E.D.Cal. August 30, 2006).

A public interest in the judicial process, the fair administration of the federal tax laws and the prevention of

6 - ORDER

abuse and harassment of government employees is served by an injunction forbidding this harassment in the future. I therefore find that the balance of hardships tips in the plaintiff's favor.

However, an inadequacy of remedies at law exists in the instant case, given that solely voiding these UCC Financing Statements will not prevent defendant from simply filing more against these named individuals, or any other IRS employees or officers. The only method to ensure that defendant will not continue to make such frivolous filings is to issue a permanent injunction. See *U.S. v. Forbes*, 2006 WL 1409741, at *3-4 (E.D.Cal. May 23, 2006).

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Entry of Default [#9],is GRANTED as follows:

(1) the clerk is hereby ordered to enter a default against defendant Mark T.Ellis;

7 - ORDER

(2) the following UCC Financing Statements filed with the Secretary of State of the State of California are null, void and of no legal effect and are hereby ordered expunged by the California Secretary of State:

| Filing number | Filing Date |
|---|---|
| 10-7227329427 | March 31, 2010 |
| 10-72277767 | April 5, 2010 |
| 10-72279045 | April 6, 2010 |
| 10-7227998419 | April 7, 2010 |
| 10-72280093 | April 7, 2010 |
| 10-92339206 | June 4, 2010 |
| 10-7234046330 | June 7, 2010 |
| 10-72341380 | June 7, 2010 |
| 11-72957727 | December 30, 2010 |

(3) the following UCC Financing Statements recorded in official records of the Washington D.C. Recorder of Deeds are found null, void and of no legal effect. This order shall be recorded by the Washington D.C. Recorder of Deeds:

| Filing number | Filing Date |
|---|---|
| 2010063213 | July 16, 2010 |
| 2011003971 | January 10, 2011 |
| 2012005239 | January 12, 2012 |
| 2012005241 | January 12, 2012 |

8 - ORDER

(4) defendant Mark T. Ellis, his agents, employees, and all others in active concert or participation with him are PERMANENTLY ENJOINED from filing, or attempting to file, any document or instrument which purports to create a non-consensual lien or encumbrance against the person or property of any federal officer or employee, or which contains any personal information (such as the social security number or residential address) of any federal officer or employee, unless this or another court so orders.

IT IS SO ORDERED.

DATED this 27th day of April, 2012.

_____
United States District Judge